IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus A. Woods, #284415, ) | |
| ) | No. 1:13-cv-1413-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Mrs. Broach, FNU, Dental Assistant of ) | |
| Kershaw CI; Mrs. Hough, FNU, Grievance ) | |
| Coordinator of Kershaw; and Cecilia ) | |
| Reynolds, Warden of Kershaw; in their ) | |
| individual or personal capacities, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court dismiss this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 34). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Defendants filed a motion for summary judgment on October 21, 2013. (Dkt. No. 26). Because Plaintiff is proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on October 22, 2013, advising Plaintiff of the importance of the motion for summary judgment and of the need for him to file an adequate response by November 25, 2013. (Dkt. No. 27). Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motion may be granted.

1

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to respond to the motion. On December 5, 2013, the Magistrate Judge ordered Plaintiff to advise the Court by December 19, 2013, whether he wished to continue with the case. (Dkt. No. 32). Plaintiff filed no response by that date. The Magistrate Judge then issued the present R&R recommending dismissal of this action with prejudice. (Dkt. No. 34). Plaintiff failed to file timely objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record and the R&R, the Court agrees with the Magistrate Judge that this case is properly dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 41(b) permits the dismissal of an action if a plaintiff fails to prosecute or comply with a court order. The Court may use its discretion in deciding whether to dismiss a case with prejudice. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has set forth four criteria a district court must consider in deciding whether to dismiss a case with prejudice under Rule 41(b): "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the

presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (quotations omitted). Here, the factors weigh in favor of dismissal with prejudice. Plaintiff was provided with multiple opportunities to respond to Defendants' motion, and his repeated failures resulted in significant delay. Further, it appears that Plaintiff, proceeding *pro se*, is responsible for the delay. Thus, the Court agrees with the Magistrate Judge that dismissal is appropriate.

## Conclusion

As set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 34). Accordingly, the Court dismisses this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 23, 2014
Charleston, South Carolina

3